ALLEN RATHBUN, APPELLEE, v. THOMAS DOOLEY
ET AL., APPELLANTS.

FILED MARCH 6, 1894. No. 5085.

Review: CREDITOR'S BILL: SUFFICIENCY OF EVIDENCE. The
evidence in support of a creditor's bill being sufficient to sustain
the finding of the trial court, its judgment must be affirmed
when no other question than such sufficiency is presented by the
record.

APPEAL from the district court of Dodge county.
Heard below before POST, J.

*Howard B. Smith* and *C. Hollenbeck,* for appellants.

*Frick & Dolezal, contra.*

RYAN, C.

The appellee on March 20, 1889, filed his petition in the
district court of Dodge county, Nebraska, wherein he al-
leged that on May 9, 1888, he had obtained a judgment in
the county court of said county against Thomas Dooley for
the sum of $748.21 and costs; that thereafter execution
had been issued for the collection of said judgment, but
that the same had been returned wholly unsatisfied; that
the recovery of judgment in the said county court was
upon a judgment rendered in the supreme court of the state
of New York in and for Washington county, October 30,
1885; that while the suit was pending which resulted in
the above judgment in the aforesaid supreme court, Thomas
Dooley resided in said Washington county, and was there
possessed of real and personal property of the value of
$4,500; that said Thomas Dooley and his wife, Ellen
Dooley, conspired together to defeat the collection of the
judgment last mentioned, and to accomplish that purpose
disposed of and converted into money the property held in

New York and with the proceeds thereof came to Nebraska; that to further the said design the said money was deposited in a bank at Omaha, of which John L. McCague, William L. McCague, Thomas H. McCague, and Alex. C. Charlton were proprietors, and that the certificate evidencing said deposit of $4,142.10 was, at the time of filing the petition, held by the defendant Richards and John W. Goff. The plaintiff in his petition charged that unless restrained, the two defendants last named would place said certificate of deposit beyond the reach of the process of the court, and that the proprietors of the bank which issued said certificate would cause the said certificate to be taken up by paying the same, whereby irreparable injury would result to plaintiff. There were the ordinary averments to justify relief upon a creditor's bill presented for subjecting said certificate of deposit to the payment of the judgment rendered in the county court of Dodge county aforesaid, followed by a prayer for equitable relief of the nature above indicated.

The answers of Thomas Dooley and Ellen Dooley were filed separately, but were alike in their terms, for each of said defendants admitted the recovery of the alleged judgment in the county court of Dodge county and the issue of execution thereon. All other averments of the petition were met by a general denial. It is unnecessary to summarize the answers of the other defendants, for neither presented any averment or denial pertinent to the main issue in the case; that is, whether or not the certificate of deposit above referred to was taken in the name of, and held by, Ellen Dooley for the purpose of preventing the application of the amount thereby evidenced as due to the payment of the judgment against Thomas Dooley, as of right it should be applied.

There was evidence amply sufficient to sustain the findings in favor of plaintiff upon the several questions in controversy. They must therefore be accepted as established

40

facts, which the court will not disturb. (*Worthington v. Worthington*, 32 Neb., 334.)    The record presents no question save that of the sufficiency of the evidence to sustain the judgment of the district court, and a review of it could subserve no useful purpose in this or for any other case.    The judgment of the district court is

                                           AFFIRMED.

POST, J., having tried the case in the court below, took no part in the above decision.